IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| G. BRENT SMITH,<br><br>      Plaintiff,<br>v.<br><br>BOYFIELD, INC., a Utah corporation, d.b.a. ITALIAN VILLAGE, LOUIS BOYER, and JOHN DOES I-V,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cv-00666<br><br>District Judge Dale A. Kimball |

   This matter is before the court on Defendant Louis Boyer's (Boyer) Motion to Dismiss. Boyer filed the motion seeking to dismiss the claims against him in his individual capacity. On September 27, 2017, the court held a hearing on the motion. At the hearing, the Plaintiff G. Brent Smith (Smith) was represented by Jordan D. Haycock and Boyer was represented by Brian R. Barnhill. The court took the motion under advisement. Based on the briefing filed by the parties and the law and facts relevant to the pending motion, the court issues the following Memorandum Decision and Order GRANTING in part and DENYING in part Louis Boyer's Motion to Dismiss.

## BACKGROUND

   Smith previously underwent lap-band surgery. Because of the surgery Smith has trouble properly eating and digesting food. Often times Smith will regurgitate his food during or soon after eating.

   On June 21, 2017, Smith, as he often does, began regurgitating his food while eating alone at the Italian Village restaurant. The waiter noticed him frequently regurgitating his food in the view of other patrons and raised her concerns that other patrons were noticing. The waitress

1

asked Smith to regurgitate his food in the bathroom. Smith asserts that the waitress made an unnecessarily loud spectacle out of the ordeal in an attempt to embarrass him.

Smith asked to speak to the waitress' manager about his health problems. The waitress told Smith that she was acting under the manager's orders. Smith asserts that the manager refused to speak to him and ordered an employee to ask him to leave.

Smith claims that his issue with properly eating and digesting food constitutes a disability under the ADA. Smith filed suit alleging that: 1. Defendants unlawfully discriminated against him because of his disability; 2. Defendants retaliated against Smith by kicking him out of the restaurant after he informed the staff about his disability; and 3. Italian Village is liable for intentional infliction of emotional distress because they embarrassed him in front of other customers.

## LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). When considering a motion to dismiss for failure to state a claim, all well-pleaded facts are presumed to be true, but conclusory allegations need not be considered. *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

## DISCUSSION

Boyer's motion to dismiss seeks to dismiss the claims against Boyer in his individual capacity. Boyer is an owner of the Italian Village restaurant, however, according to the complaint the only action he allegedly took was ordering a restaurant employee to ask Smith to leave. Boyer argues that dismissal is appropriate because: 1. Title III of the ADA only allows for

a cause of action against an entity and not against an owner of an entity;  2. Smith fails to state a claim for intentional infliction of emotional distress against Boyer in his individual capacity; and 3. Boyer is entitled to attorneys' fees. For the reasons that follow, the court grants in part and denies in part the defendant's motion to dismiss.

1. **Title III of the ADA Allows for a Claim Against an Individual If That Individual is the Owner of the Entity.**

Boyer asserts that the plain language of Title III of the ADA only provides for a cause of action against an entity and not an individual. Specifically, 42 U.S.C. § 12182 provides as follows:

> (a) General Rule. No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who **owns**, leases (or leases to), or operates a place of public accommodation. (emphasis added).
>> (b)(1)(A) Activities.
>>> (i) Denial of participation. It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from goods, services, facilities, privileges, advantages, or accommodations of an entity.

Boyer focuses on the last word of Section (b)(1)(A) and argues that the statute specifies that an entity is a requirement for a Title III lawsuit. Boyer therefore asserts that only an entity can be liable. The court disagrees. §12182(a) specifically states who can be liable under Title III of the ADA. This includes any person who owns, leases (or leases to), or operates a place of public accommodation. The plain language suggests that an owner of a place of public of accommodation may be liable under Title III of the ADA.

Neither party has cited case law on the issue of whether, and under what circumstances, an owner may be liable under Title III of the ADA. The court has identified a case from the Third Circuit that is persuasive. *See Emerson v. Thiel College,* 296 F. 3d 184 (3d Cir. 2002).

In *Emerson,* the plaintiff alleged that Thiel College discriminated against him in violation of Title III of the ADA. In addition to suing the college, the plaintiff also sued a number of individuals. The court in *Emerson* stated "[w]hether individuals may be liable under Title III of the ADA, which prohibits discrimination in places of public accommodation is an issue of first impression in the court of appeals." *Id*. at 188. Although the court in *Emerson* found that the Defendants in that suit did not own or operate the college, the court held that "the individual college defendants… may be liable under Title III if they own, lease, or operate Thiel, a place of public accommodation." *Id.* at 189.

Title III of the ADA is different from both Title I and Title II in that the only available remedy is injunctive relief and attorneys' fees, not monetary damages. *See Goodwin v. C.N.J.,* 436 F.3d 44 (1st Cir. 2006) (holding that money damages are not an option for private parties suing under Title III of the ADA). With the understanding that Title III only provides for injunctive relief, there are good reasons why an owner may be liable. Namely, an owner of a place of a public accommodation may be in a position to implement the requested injunctive relief.

The court therefore finds that Boyer has not met his burden to dismiss the Title III claim as it relates to him as an owner. Boyer's only grounds for seeking dismissal is his assertion that an owner may not be liable under Title III of the ADA. Because an owner may under some circumstances be liable under Title III, this argument fails.[1]

---

[1] This is not to say that an owner may always be liable under Title III of the ADA. If, for example, a minority shareholder is sued under Title III of the ADA then it is possible that they may not be in a position to implement the

Boyer further argues that Utah's Revised Corporation Act provides protection to shareholders against the acts and obligations of the corporation. As the moving party, it is Boyer's burden to prove that he is entitled to judgment as a matter of law. Boyer provides no authority for the proposition that Utah's Revised Corporation Act bars Title III claims against him as an owner. Boyer has therefore not met his burden.[2] Title III of the ADA specifically imposes an obligation on owners of places of public accommodation to remain compliant. Remaining compliant with Title III of the ADA is therefore is an obligation that both the entity and owner must comply with.

### 2. Smith Has Failed to State a Claim for Intentional Infliction of Emotional Distress Against Louis Boyer.

Boyer asserts that Smith fails to state a claim for intentional infliction of emotional distress against Boyer in his individual capacity. Smith does not oppose the dismissal of his emotional distress claim as it relates to Boyer. In fact, Smith did not even argue in his opposition that the claim should not be dismissed. Nonetheless, Smith has not stated a claim for intentional infliction of emotional distress against Boyer.

To state a claim for intentional infliction of emotional distress the plaintiff must show "(a) that the defendant intentionally engaged in some conduct toward the plaintiff considered outrageous and intolerable in that it offends the generally accepted standards of decency and morality (b) with the purpose of inflicting emotional distress or where any reasonable person would have known that such would result, and (c) that severe emotional distress resulted as a

---

requested injunctive relief because they lack control over the operations of the business. Because Boyer only argues that an individual may never be sued under Title III of the ADA, the court is not required to answer whether exceptions exists.

[2] If an entity shielded an owner from a Title III lawsuit then an owner could essentially never be liable under Title III because Title III only relates to places of public accommodations, which are typically entities.

direct result of the defendant's conduct." *Russell v. Thomson Newspapers, Inc.,* 842 P.2d 896, 905 (Utah 1992).

Here, the only fact Smith alleges against Boyer is that he ordered an employee to ask Smith to leave the restaurant. This act does not rise to the level of offending generally accepted standards of decency and morality. Accordingly, Smith's claim against Boyer for intentional infliction of emotional distress fails.

**3. Neither Party is Entitled to Attorneys' Fees.**

Both parties argue that they are entitled to an award of attorneys' fees because the other parties' arguments are baseless. It is within the court's discretion to award attorneys' fees pursuant to 42 U.S.C. § 12205. The court declines to award attorneys' fees.

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Dismiss (Dkt. No. 12) is GRANTED in part and DENIED in part. Accordingly, Plaintiff's claim for intentional infliction of emotional distress is dismissed as the claim relates to Defendant Louis Boyer in his individual capacity.

Dated this 23rd day of October, 2017.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge